BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:    (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-71596 MAG |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANTHONY RICHARD TORRES, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Anthony Richard Torres (TORRES), by and through his counsel of record, Assistant Federal Public Defender John Paul Reichmuth, hereby stipulate as follows:

    1.    On December 14, 2015, the Honorable Donna M. Ryu signed a federal criminal complaint charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On February 11, 2016, defendant made his initial appearance and was arraigned on the

1  criminal complaint.  On February 11, 2016, defendant waived his right to a preliminary hearing under
2  Federal Rule of Criminal Procedure 5.
3      2.   A hearing for arraignment on indictment or information is presently set before this
4  Court at 9:30 a.m. on Tuesday, April 5, 2016.
5      3.   The government has produced over 200 pages of discovery relating to defendant's
6  arrest and criminal history.  The government and defendant are exploring the potential for a pre-
7  indictment disposition.  Counsel for defendant TORRES requires additional time to obtain and review
8  discovery and in light of that discovery to discuss and negotiate a potential pre-indictment disposition
9  for defendant or to file pre-indictment motions.
10     4.   Thus, counsel for defendant TORRES represents that additional time is necessary to
11 confer with defendant, conduct and complete an independent investigation of the case, conduct and
12 complete additional legal research including for potential pre-indictment and/or pre-trial motions,
13 review the discovery already produced and soon to be produced, as well as potential evidence in the
14 case, and prepare for trial in the event that a pre-indictment resolution does not occur.  Defense
15 counsel represents that failure to grant the continuance would deny him reasonable time necessary for
16 effective preparation, taking into account the exercise of due diligence.  The parties agree that the
17 requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation
18 on the part of the attorney for the government or the defense, or failure on the part of the attorney for
19 the government to obtain available witnesses.
20     5.   For purposes of computing the date under the Speedy Trial Act by which defendant
21 must be charged by indictment or information, the parties agree that the time period of April 5, 2016,
22 to May 3, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i)
23 and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's
24 request, without government objection, on the basis of the Court's finding that: (i) the ends of justice
25 served by the continuance outweigh the best interest of the public and defendant in the filing of an
26 information or indictment within the period specified in 18 U.S.C. § 3161(b); and

(ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

Dated: April 4, 2016
BRIAN J. STRETCH
United States Attorney

/s/
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

/s/ *via e-mail authorization*                     4/1/2016
JOHN PAUL REICHMUTH                           Date
Attorney for Defendant
Anthony Richard Torres

3

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for arraignment on information or indictment in this matter scheduled for April 5, 2016, is continued to 9:30 a.m. on Tuesday, May 3, 2016, before the Honorable Donna M. Ryu, United States Magistrate Judge, in Oakland, California. The time period of April 5, 2016, to May 3, 2016, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

4/1/16
DATE

HONORABLE KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

4